UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 14-165 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CASSIUS L. MEDLOCK | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion by Petitioner Cassius Medlock ("Medlock") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 32], along with a motion captioned as a "motion for summary judgment" [Record Document 40], which this court construes as a reply to the Government's response or a supplement to Medlock's § 2255 motion. Medlock argues his 188-month sentence must be vacated or reduced in the aftermath of the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Because none of these cases circumvent the one-year statute of limitations for § 2255 motions, Medlock's claim is time-barred and his motion is **DENIED**.

### Background

On November 13, 2014, Medlock pleaded guilty to possession with intent to distribute twenty-eight grams or more of a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Record Document 22. The presentence report categorized Medlock as a career offender based on two prior, separate convictions for distributing a controlled substance. Record Document 30 at 6. The first

was a 2001 Louisiana state court conviction for distribution of a Schedule I drug and distribution of a Schedule II drug. *Id.* at 5. The second was a 2007 Texas state court conviction for distribution of a controlled substance. *Id.* at 6. The report calculated Medlock's total offense level as 31, his criminal history as category VI, and his guideline range as 188 to 235 months. *Id.* at 4, 9. The Court adopted the presentence report in whole and sentenced Medlock to a term of 188 months. Record Document 28 at 1, 4.

On June 22, 2020, Medlock filed the instant motion. In it, he argues he is "actually innocent" of the conduct that formed the basis for his career enhancement. He relies on the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United State v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Record Document 30 at 3.

In *Mathis*, the Supreme Court considered which state convictions constitute a predicate violent offense that triggers the mandatory minimum of the Armed Career Criminal Act ("ACCA"). The Supreme Court concluded that where the underlying state conviction has an element broader than the generic offense, it cannot constitute a predicate violent offense under the ACCA. 579 U.S. at 508-09. Later the same year, the Fifth Circuit applied *Mathis* to hold that a prior conviction for delivery of a controlled substance under Texas law cannot trigger the career offender enhancement because the conviction had an element broader than the Sentencing Guidelines' definition. *Hinkle*, 32 F.3d at 576-77. Finally, in *Tanksley*, the Fifth Circuit held that a conviction for possession with intent to deliver a controlled substance under § 481.112(a) of the Texas Health and

2

Safety Code does not qualify as a controlled substance conviction under the Sentencing Guidelines. 848 F.3d at 352.

While Medlock's presentence report refers only to "distribution" of a controlled substance, the Government concedes the statute under which Medlock was convicted was likely Texas Health and Safety Code § 481.112(a). Record Document 37 at 6. Medlock argues that because his previous drug distribution convictions could no longer form the basis for a career offender enhancement, he is factually innocent of the predicate crime of conviction and therefore entitled to relief. Record Document 32 at 3. The Government argues Medlock's motion is untimely. It further argues that the changes of law he references are not retroactive and do not extend the time to file a § 2255 motion. Record Document 37 at 8.

On September 27, 2021, Medlock submitted a document captioned as a motion for summary judgment. Record Document 40. Because Medlock is a pro se litigant, his filings are to be liberally construed. See *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). In the document, Medlock responds to claims in the Government's opposition brief; he does not request any new relief. Thus, the Court construes this response as a second reply to the Government's response or a supplement to his motion. In it, he repeats his arguments as to the changes of law and his "actual innocence." Record Document 40 at 1.

### Law and Analysis

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the

Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 118 S. Ct. 1604, 1610 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003).

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

Medlock did not file his § 2255 motion within the one-year period. Medlock's judgment of conviction was entered into the record on March 18, 2015 and became final in April 2015. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that if a defendant does not file a direct appeal of their conviction, the judgment becomes final when the time to file an appeal expires); Fed. R. App. P. 4(b) (allowing fourteen days from the entry of judgment for a criminal defendant to file a notice of appeal). Unless another provision of § 2255(f) applies, Medlock's one-year period to file his § 2255 motion expired in April 2016.

To circumvent the one-year bar, Medlock invokes the Supreme Court's decision in *Mathis* and the Fifth Circuit's decisions in *Hinkle* and *Tanksley*. He thus relies upon § 2255(f)(3), which requires that he files within one year from the date on which a right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

*Mathis*, *Hinkle*, and *Tanksley* cannot excuse the untimeliness of Medlock's motion for two reasons. First, Medlock has not established that *Mathis* set forth a new rule of constitutional law that would satisfy § 2255(f)(3). Indeed, the *Mathis* Court stated that its decision was directed by the Court's precedent, which made it "a straightforward case." 579 U.S. at 519; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (rejecting a timely § 2255 petition on the grounds that the petitioner "failed to make a prima facie showing that *Mathis* . . . set forth [a] new rule[] of constitutional law that [was ] made retroactive

5

to cases on collateral review"). Courts across the country have consistently held that *Mathis* did not announce any new rule of constitutional law. *See, e.g.*, *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that *Mathis* is a case of statutory interpretation, and did not announce a new constitutional rule made retroactive).

Secondly, even if one or all of these decisions announced a new constitutional rule, Medlock's motion would still be untimely. The issuance of a decision that would satisfy the § 2255(f)(3) exception simply restarts the clock on the one-year statute of limitations. 28 U.S.C. § 2255(f). All three cases were decided well over one year before his § 2255 motion was filed. *Mathis* was decided by the Supreme Court in 2016—four years before the filing of Medlock's motion in 2020. And although *Hinkle* and *Tanksley* are likely irrelevant for the purposes of § 2255(f)(3) because they are, by definition, not Supreme Court decisions, even those cases could not help Defendant's arguments. *Hinkle* and *Tanksley* were decided by the Fifth Circuit in 2016 and 2017, three years before Medlock's petition was filed. Petitioner's motion is untimely.

Medlock also attempts to circumvent the one-year bar by claiming he is "actually innocent" and can therefore raise his claim at any time. *See McQuiggen v. Perkins*, 569 U.S. 383 (2013). Actual innocence refers to factual innocence, not legal innocence. *See Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992). This means that to make a proper argument, Medlock must at minimum allege facts showing he did not actually engage in the conduct for which he was convicted by this Court.

Instead, Medlock apparently makes the same argument that has been rejected by another court in this circuit as follows:

> His argument appears to be that he is innocent of the sentence imposed, not the crimes for which he was convicted. But the Fifth Circuit has already held that "such a challenge to a sentence 'does not fit within the narrow category of section 2255 proceedings which implicate a fundamental miscarriage of justice . . . .'"

*Jones v. United States*, No. A-08-CR-247-SS, 2017 WL 2365255, at *3 (W.D. Tex. May 30, 2017) (quoting *United States v. Bell*, 51 F.3d 1041, 1044 (5th Cir. 1995)).

Medlock's argument fails for the same reasons. He does not assert that he is actually innocent of the crime for which he was convicted by this Court. While Medlock states he is "factually innocent," the only argument he puts forward to support the claim is that the conduct that led to his predicate conviction is no longer sufficient to trigger the career offender enhancement. This does not establish factual innocence. Further, his purported claims of actual innocence are for a predicate conviction handed down by a state court years ago, not for his federal conviction. He therefore challenges his sentencing, not his conviction. This challenge is simply not cognizable under § 2255. Therefore, Medlock's claims of "actual innocence" cannot help him circumvent the one-year time bar.

## Conclusion

The Court finds that Medlock's § 2255 motion is untimely. Accordingly, Medlock's motion [Record Document 32] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. The Court construes Medlock's filing captioned as a "motion for summary judgment" as a supplement or reply to the Government's response; however, to the extent that it could be construed as a substantive motion for summary judgment [Record Document 40], it is hereby **DENIED AND DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Medlock has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 26th day of September, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE